UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JULIO ARRIOLA, and all** § | | |
| **others similarly situated under** § | | |
| **29 U.S.C. 216 (b),** § | | |
| **Plaintiff,** § | | |
| § | | |
| **v.** § | **Cause No.** | |
| § | | |
| **CRH RENTALS, LTD.,** § | | |
| **RH GPCO, LLC,** § | | |
| **DOUBLE H REALTY SERVICES, LLC,** § | | |
| **and RUTLEDGE HAGGARD,** § | | |
| **Defendants.** § | | |

## COMPLAINT UNDER 29 U.S.C. §§ 201 - 216 OVERTIME WAGE VIOLATIONS

Plaintiff, JULIO ARRIOLA, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants CRH RENTALS, LTD., RH GPCO, LLC, DOUBLE H REALTY SERVICES, LLC, and RUTLEDGE HAGGARD and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff was a resident of Denton County, Texas at the time that this dispute arose.

3. The Defendant CRH RENTALS, LTD. is a Texas limited partnership. Upon information and belief, CRH RENTALS, LTD. was one of the joint FLSA employers for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant RH GPCO, LLC is a Texas limited liability company and the general partner of CRH RENTALS, LTD. which makes RH GPCO, LLC liable for the debts of CRH RENTALS, LTD. as a matter of Texas state law. Upon information and belief, RH GPCO, LLC was also one of the joint FLSA employers for Plaintiff during the relevant time period.

5. The Defendant DOUBLE H REALTY SERVICES, LLC is a Texas limited liability company that regularly transacts business within Dallas County. Upon information and belief, DOUBLE H REALTY SERVICES, LLC was also one of the joint FLSA employers for Plaintiff during the relevant time period as RH GPCO, LLC and CRH RENTALS, LTD.[1] provide maintenance and construction services for properties that are then leased by DOUBLE H REALTY SERVICES, LLC. and all three of the Business Entity Defendants maintain their business addresses at 800 Central Parkway East, Suite 100, Plano, Texas 75074. Additionally, the president and director of DOUBLE H REALTY SERVICES, LLC is Toby Haggard, who is believed to be a relative of Defendant RUTLEDGE HAGGARD.

6. The individual Defendant RUTLEDGE HAGGARD is a director and/or owner and/or manager of RH GPCO, LLC who ran the day-to-day operations of RH GPCO, LLC and CRH RENTALS, LTD. for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. Acts or omissions giving rise to this dispute took place in Dallas County in the Northern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff, including a number of day laborers who are believed to be residents of Dallas County, who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint

---

1) RH GPCO, LLC, CRH RENTALS, LTD., and DOUBLE H REALTY SERVICES, LLC will be referred to collectively as the "Business Entity Defendants"

back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (see § 216(b) for jurisdictional placement).

10. 29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

11. Plaintiff, JULIO ARRIOLA, worked for Defendants as a construction and maintenance employee from on or about September of 2010 through the present and ongoing.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. By way of example, Plaintiff regularly and routinely handled goods and materials related to construction or maintenance work, including but not limited to, paints, stains, lumber, electrical components, hand tools, power tools, siding board, sheet rock, locks, plumbing fixtures, fencing materials, concrete, and flooring materials that, upon information and belief, further discovery will

show moved through interstate commerce prior to Plaintiff's use of the same.

13. Upon information and belief, the Defendants, individually and/or collectively as part of the joint enterprise described in paragraph 16 below, had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, 2015, and 2016.

14. Upon information and belief, the Defendants' sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 16 below, is expected to exceed $500,000 for the year 2017.

15. Furthermore, Defendants regularly employed two or more employees for the relevant time period who were engaged in the production of goods for commerce, handled goods or materials that travelled through interstate commerce such as the goods and materials described in paragraph 12 above, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

16. Upon information and belief, Defendants RH GPCO, LLC and CRH RENTALS, LTD. are part of a joint enterprise as defined by 29 U.S.C. § 203(r) with DOUBLE H REALTY SERVICES, LLC as the related activities between the various businesses, performed through unified operation and/or common control, are being done for a common business purpose. RH GPCO, LLC and CRH RENTALS, LTD. provide maintenance and construction services for properties that are then leased by DOUBLE H REALTY SERVICES, LLC. The president and director of DOUBLE H REALTY SERVICES, LLC is Toby Haggard, who is believed to be a relative of Defendant RUTLEDGE HAGGARD. Furthermore, all three of the Business Entity Defendants, RH GPCO, LLC, CRH RENTALS, LTD., and DOUBLE H REALTY SERVICES, LLC., maintain their business addresses at 800 Central Parkway East, Suite 100, Plano, Texas 75074. Plaintiff is also paid with checks from an "Investment

Account" that list the contact address for the person holding that account as 800 Central Parkway East, Suite 100, Plano, Texas 75074.

17. From on or about September of 2010 continuing through the present and ongoing, Plaintiff, JULIO ARRIOLA, worked an average of 60 hours per week and was paid an average rate of $20.00 per hour worked, but was not paid the extra half-time overtime rate for hours worked above 40 hours in a workweek as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for each overtime hour worked.

18. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices, which include a refusal to provide Plaintiff with necessary income-reporting documents to allow Plaintiff to file his taxes despite repeated requests by Plaintiff to be provided with the same, were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: s/ Robert Manteuffel
J.H. Zidell, Esq.
Texas Bar No.: 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
Texas Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel: (972) 233-2264
Fax: (972) 386-7610